**FORM 3**

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PT ECOS JAYA INDONESIA AND<br>PT GRANTEC JAYA INDONESIA<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant. | Court No. 24-00238 |

# COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, PT Ecos Jaya Indonesia ("Ecos") and PT Grantec Jaya Indonesia (collectively, "Plaintiffs"), by and through their counsel, allege and state as follows:

## JURISDICTION

1.　Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in *Mattresses from Indonesia: Final Results and Partial Rescission of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 91,335 (Dep't Commerce Nov. 19, 2024) ("*Final Results*"), as it applies to Plaintiffs. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.　Plaintiffs are foreign producers and exporters of subject merchandise, mattresses, and were mandatory respondents in the administrative review that is contested here. Therefore,

Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiffs actively participated in the administrative review through the submission of factual information and written arguments and, thus, are "part{ies} to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36).  Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3. The subject *Final Results*, which are being challenged herein, were published in the *Federal Register* on November 19, 2024.  *See Final Results*, 89 Fed. Reg. 91,335.  On December 19, 2024, within 30 days after the publication of the subject *Final Results*, Plaintiffs timely filed a Summons to initiate this action.  Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii).  This Complaint is being filed within 30 days after the date on which the Summons was filed.[1]  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4. This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

---

[1] Because the 30-day deadline to file the complaint fell on a weekend, and the federal government was closed on Monday, January 20, 2025, the deadline moves to the next business day in accordance with Rule 6(a)(1)(C) of the Rules of the U.S. Court of International Trade.

**Court No. 24-00238**                                                                                          **Complaint**

## PROCEDURAL HISTORY

5. On May 14, 2021, Commerce published an antidumping duty order covering mattresses from Indonesia. *See Mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26,460 (Dep't Commerce May 14, 2021).

6. On May 2, 2023, Commerce initiated the second administrative antidumping review of mattresses from Indonesia covering the period of review ("POR"), i.e., May 1, 2022, through April 30, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 27,445 (Dep't Commerce May 2, 2023).

6. On August 25, 2023, Commerce issued a memorandum stating that it had selected PT Grantec Jaya Indonesia as one of two mandatory respondents in the second administrative review.

7. On August 8, 2022, Commerce issued an initial questionnaire to PT Grantec Jaya Indonesia for the second administrative review.

8. In the September 11, 2023, notification to Commerce, Plaintiffs advised Commerce that they did not have a viable home or third country market for the purposes of determining normal value. Plaintiffs also informed Commerce that PT Grantec Jaya Indonesia and PT Ecos Jaya Indonesia were collapsed into a single entity for antidumping duty calculation purposes pursuant to 19 C.F.R. § 351.401(f) in the first administrative review of this case and expected that Commerce would continue to treat them as a single collapsed entity for this review.

9. Between September 2023 and April 2024, Plaintiffs submitted timely responses to Commerce's initial antidumping duty questionnaire and several supplemental questionnaires.

10. On May 29, 2024, Commerce issued the preliminary results of the second administrative review in which it calculated a preliminary antidumping duty margin of 31.17 percent *ad valorem* for Plaintiffs. *See Mattresses from Indonesia: Preliminary Results of Antidumping Duty Administrative Review; 2022–2023*, 89 Fed. Reg. 47,528 (Dep't Commerce June 3, 2024), and accompanying unpublished Memorandum to Ryan Majerus, Deputy Assistant Secretary for Policy and Negotiations performing the non-exclusive functions and duties of the Assistant Secretary for Enforcement and Compliance, entitled "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review of Mattresses from Indonesia; 2022-2023" (May 28, 2024). In its preliminary results, Commerce adjusted Ecos/Grantec's U.S. inland freight expenses (i.e., field INLFWCU) and certain direct selling expenses (i.e., fields DIRSEL1U and DIRSEL2U) to include disputed "overage" amounts that customers were in the process of refunding. In addition, Commerce adjusted Ecos/Grantec's cost of manufacturing ("COM") under the "transactions disregarded" provision of 19 U.S.C. § 1677b(f)(2).

11. In July 2024, Plaintiffs and the Mattress Petitioners[2] submitted case and rebuttal briefs. In their case brief, Plaintiffs argued that Commerce should not include overpaid allowances in the three expense fields (INLFWCU, DIRSEL1U, DIRSEL2U) in the final results. Second, Plaintiffs argued that Commerce should not make any "transactions disregarded" adjustment because the companies' affiliated transactions were made on an arm's-length basis.

12. On November 13, 2024, Commerce issued its *Final Results* in which it calculated a final weighted-average antidumping duty margin of 30.32 percent *ad valorem* for Plaintiffs.

---

[2] The "Mattress Petitioners" include Brooklyn Bedding; Elite Comfort Solutions' FXI, Inc.; Kolcraft Enterprises, Inc.; Leggett & Platt, Incorporated; the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO.

*See Final Results*, 89 Fed. Reg. at 91,335 (Dep't Commerce Nov. 19, 2024).  As part of its final antidumping duty calculations, Commerce continued to include overpaid allowances to certain customers in the U.S inland freight and direct selling expense fields.  Furthermore, Commerce applied a "transactions disregarded" rule adjustment to Ecos' total COM.

15. 13.    The legal bases for Commerce's *Final Results* were set forth in an unpublished Memorandum to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and Compliance, entitled "Issues and Decision Memorandum for the Final Results of the 2022-2023 Antidumping Duty Administrative Review:  Mattresses from Indonesia" (Nov. 12, 2024).

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

14.    In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* of its second antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

15.    Paragraphs 1 through 14 are incorporated herein by reference.

16.    Commerce's determination to adjust three expense fields, *i.e.*, U.S. inland freight expenses from warehouse to the unaffiliated customer (INLFWCU) and other direct selling expenses (DIRSEL1U and DIRSEL2U), to include overpaid allowances was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law.  Commerce mischaracterized such expenses as "actual remittance" (*i.e.*, incurred expense) when Ecos/Grantec's questionnaire responses demonstrate that these amounts were common overages that will be refunded to Ecos/Grantec's affiliates.  Furthermore, Ecos/Grantec explained that such overages are typical for the industry and take customers a significant amount of time to

resolve. By ignoring the nature of the sales channel, and the common practices of the industry as a whole, Commerce unreasonably and unlawfully introduced distortions and inaccuracies into the weighted-average antidumping duty calculations.

## COUNT TWO

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. Commerce's adjustments to Ecos' total COM under the "transactions disregarded" provision of 19 U.S.C. § 1677b(f)(2) were unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law. No adjustments were necessary because Ecos' reported transactions with affiliated parties "fairly reflect the amount usually reflected in sales of merchandise under consideration in the market under consideration," as required under the statute. By failing to consider that Commerce may disregard insignificant adjustments elsewhere under the normal value statue, Commerce unreasonably applied different standards to different aspects of the antidumping duty calculations to address the same question—whether transactions with affiliated parties were at arm's length.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

19. For the reasons stated above, Plaintiffs respectfully request that the Court:

    (a)    enter judgment in Plaintiffs' favor;

    (b)    declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

    (c)    remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

    (d)    provide such other relief as the Court deems just and proper.

**Court No. 24-00238**                                                                                       **Complaint**

                                                 Respectfully submitted,

                                                 /s/ Jarrod M. Goldfeder
                                               Jarrod M. Goldfeder
                                               MacKensie R. Sugama

                                               TRADE PACIFIC PLLC
                                               700 Pennsylvania Avenue, SE
                                               Suite 500
                                               Washington, DC  20003
                                               Tel:  (202) 223-3760
                                               Email:  jgoldfeder@tradepacificlaw.com

Dated:  January 21, 2025                      *Counsel to Plaintiffs*

**Court No. 24-00238**                                                                                           Complaint

# UNITED STATES COURT OF INTERNATIONAL TRADE

*PT Ecos Jaya Indonesia et al., v. United States,*
**Court No. 24-00238**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of January, 2025, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of The United States of America:**

Attorney-in-Charge
U.S. DEPARTMENT OF JUSTICE
International Trade Field Office
Commercial Litigation Branch - Civil Division
26 Federal Plaza – Room 346
New York, NY 10278

Jeanne Davidson, Esq.
Director
Commercial Litigation Branch – Civil Division
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Room 12124
Washington, DC 20530

General Counsel
U.S. DEPARTMENT OF COMMERCE
14th Street & Constitution Avenue, NW
Room 5875
Washington, DC 20230

Chief Counsel
Office of the Chief Counsel for Trade
Enforcement & Compliance
U.S. DEPARTMENT OF COMMERCE
14th Street and Constitution Ave., NW
Room 3622
Washington, DC 20230

**On other counsel that represented interested parties before the U.S. Department of Commerce in the contested results:**

Yohai Baisburd, Esq.
*Representative of Brooklyn Bedding, et al.*
CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037

J. David Park, Esq.
*Representative of PT. Zinus Global Indonesia and Zinus Inc.*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001

Camelia C. Mazard, Esq.
*Representative of Cozy Comfort LLC*
DOYLE, BARLOW & MAZARD, PLLC
1776 K St., NW
Suite 200
Washington, DC 20006

                                              /s/ Jarrod M. Goldfeder
                                              Jarrod M. Goldfeder
                                              TRADE PACIFIC PLLC